UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JERMAINE ELLISON,

                Defendant.

**DECISION AND ORDER**
18-CR-5-A

The defendant, Jermaine Ellison, is charged in a one-Count Indictment with conspiracy to distribute, and to possess with intent to distribute, crack cocaine in violation of 21 U.S.C. § 846. The United States has moved pursuant to 18 U.S.C. § 3145(a)(1) to revoke a January 22, 2018 conditional pretrial release order of Magistrate Judge Jeremiah J. McCarthy authorizing pretrial release of defendant Ellison. The Court stayed the pretrial release of the defendant by Order entered January 23, 2017.

The United States argues that defendant Ellison should be detained pending trial pursuant to 18 U.S.C. § 3142(e) because the defendant has not rebutted applicable statutory presumptions that he is a danger to the community and a serious risk of flight. The defendant is alleged to have conspired to distribute crack cocaine while he was under New York State supervision for a cocaine-trafficking offense, and to have continued to do so later even when he was sent to State prison for that offense.

In opposing revocation of the pretrial release order, defendant Ellison argues that, although the rebuttable presumptions of danger and flight risk apply, the combination of conditions of release ordered by Magistrate Judge McCarthy, which include home detention or home incarceration at his cousin's residence on electronic monitoring, and the cousin's pledge of the $42,700 residence, are sufficient to protect the community and to guarantee the defendant's appearances as required.

On February 16, 2018, the Court heard oral argument and proffers of evidence from the parties. For the reasons that follow, the motion to revoke pretrial release is granted. Defendant Ellison is ordered detained pending trial or a change in circumstances that have a material bearing on whether the defendant can be released pending his trial.

## BACKGROUND

Defendant Ellison and his co-defendant Tasheka Stalling face a one-Count Indictment returned on January 3, 2018, with conspiring to possess with intent to distribute and to distribute crack cocaine in violation of 21 U.S.C. § 846. That offense carries a maximum term of imprisonment of 20 years. 21 U.S.C. §§ 841(b)(1)(B) and 846.

The United States' February 16, 2018 proffer in support of pretrial detention emphasizes that defendant Ellison was caught conspiring with Stalling to distribute cocaine even though the defendant was in New York State prison at Greene Correctional Facility serving a sentence for Criminal Possession of a Controlled Substance in the Fifth Degree in violation of New York Penal Law § 220.06 related to

cocaine distribution.  The United States also emphasizes that the defendant's prior conviction for a felony drug offense subjects him to a mandatory-minimum term of imprisonment[1].

More specifically, the United States proffers that it has recordings of telephone conversations of defendant Ellison's while he was imprisoned at Greene Correctional Facility during which the defendant and his alleged co-conspirator, Stalling, spoke in coded language about Stalling's distribution of cocaine on their behalf.  The United States also has post-arrest admissions by Stalling about her role distributing cocaine with the defendant's help, and oral admissions by the defendant to FBI task force members during an January, 2017, interview at Greene Correctional Facility about his crack cocaine distribution.  In addition, the United States has evidence of controlled buys of crack cocaine from Stalling while the defendant was imprisoned at Greene Correctional Facility, as well as evidence of controlled buys of crack cocaine from the defendant during the earlier period of the charged conspiracy, before he was imprisoned.

Defendant Ellison, for his part, emphasizes that, despite his criminal record, the prospect that his cousin's real property could be taken away if the defendant were to violate any important term of pretrial release creates a powerful incentive for the defendant to behave in a law-abiding manner and to appear as directed.  The defendant argues that this economic security, when combined with electronic

---

[1] A sentencing-enhancement Information pursuant to 21 U.S.C. § 851 based upon a prior conviction for a felony drug offense has not yet been filed, however.

monitoring conditions, and the fact that the defendant now has vocational training and may be able to find gainful employment, together rebut the presumptions of serious risk of flight and danger to the community.

**DISCUSSION**

If a defendant is ordered released by a magistrate judge, the United States may, under 18 U.S.C. § 3145(a)(1), move for revocation of the release order before the district court. Upon such a motion, the district court performs *de novo* review of the magistrate judge's release order. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985) (finding that a district court should "not simply defer to the judgment of the magistrate, but reach its own independent conclusion"). When conducting *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence*. United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985).

In this case, the United States objects to defendant Ellison's pretrial release on the grounds that he poses a danger to the community and is a serious risk of flight for which no adequate bail conditions are available. The United States therefore has the burden to show by clear and convincing evidence that the danger posed by the defendant cannot be alleviated by any combination of bail conditions. *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985). It has the burden to show by a preponderance of the evidence a serious risk of flight for which no conditions will reasonably assure the defendant's appearances in court and as otherwise required. *Id.*

In determining whether there are conditions of release that will reasonably assure the safety of the community and a defendant's appearances as required, the Court must consider the factors in 18 U.S.C. § 3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Second Circuit has warned that, in applying these factors to any particular case, "the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur,* 817 F.2d 189, 195 (2d Cir.) (*quoting* S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189); *see United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). The evidence of defendant Ellison's participation in the alleged crack cocaine trafficking before and during his imprisonment at Greene Correctional Facility is,

collectively, strong.  The multiple controlled purchases of crack cocaine, the recorded conversations of prison telephone calls, and the oral admissions by the alleged co-conspirators to law enforcement agents all serve to corroborate the theory of guilt proffered by the United States.

The Grand Jury's finding of probable cause to charge the serious narcotics-conspiracy offense which defendant Ellison faces triggers the rebuttable presumptions of flight risk and of danger to the community pursuant to 18 U.S.C. § 3142(e)(3).  A grand jury indictment alone establishes probable cause; no independent finding of probable cause by the Court is necessary.  *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).  When the § 3142(e) rebuttable presumptions of danger and flight arise, the United States retains the burden of persuasion when seeking detention, and "a defendant must introduce some evidence contrary to the presumed fact[s] to rebut the presumption."  *United States v. Rodriguez*, 950 F. 2d 85, 88 (quotation omitted) (2d Cir. 1991).  "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant."  *Id.*  The § 3142(e) presumptions are alone sufficient to sustain the United States' burdens of proof on danger and risk of flight.  *Id.*

Defendant Ellison correctly stresses that he is presumed innocent of the narcotics conspiracy offense charged in the Indictment.  18 U.S.C. § 3142(j).  Nevertheless, the Court must weigh the nature and circumstances of the charged offense and the weight of the evidence in evaluating whether he should be granted

6

pretrial release. 18 U.S.C. § 3142(g)(1), (2).

The Court finds that nearly any person who conspires to distribute crack cocaine while imprisoned for a similar offense poses a risk of continuing criminal activity if granted pretrial release. Here, defendant Ellison was recorded while on jail calls speaking fairly openly about his and his alleged co-conspirator's cocaine distribution activity. For example, on November 23, 2016, the defendant was caught on a prison telephone while imprisoned in Greene Correctional Facility saying to his co-conspirator on the outside, "Oh that's that coke girl, she want some powder." Dkt. No. 1, p. 6, ¶ 11. The defendant's recorded conversations with Stalling were usually less blatant, but the Court finds this statement to be about cocaine distribution and to be so overt as to show a measure of disregard for the law that confirms that the defendant is a serious risk of further criminal activity if he is released pending trial in this case.

The Pretrial Services Report shows that defendant Ellison has a lengthy history of substance abuse that has resisted treatment. Further, he has a lengthy track record of non-compliance while under court supervision, which includes a violent violation of federal supervised release for which I imposed a sentence of 10 months imprisonment on May 7, 2012, and numerous re-arrests for alleged crimes committed while on bail or supervision by other courts. In the past, the risks of being imprisoned have not deterred the defendant from committing additional crimes. These circumstances bolster the statutory presumption that the defendant is a serious risk of committing an additional crime if he is granted pretrial release.

The danger that defendant Ellison poses is the sort of danger to the community that prompted Congress to enact a presumption that persons charged with serious drug offenses pose a danger to the community while on pretrial supervision. *See* S. Rep. No. 225, 98th Congress., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3203; *United States v. Rodriguez*, 950 F. 2d 85, 88 (2d Cir. 1991); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) (danger to the community includes "the harm to society caused by [the significant risk of continued] narcotics trafficking"). The defendant is now 31 years of age, and his history convincingly demonstrates that he is unlikely to refrain from additional criminal activity while on pretrial release.

Defendant Ellison argues that the home detention or home incarceration on electronic monitoring and financial security conditions of release ordered by Magistrate Judge McCarthy will adequately assure his appearances in court as required and the safety of the community. As noted earlier, the defendant emphasizes that, despite his criminal and substance-abuse record, the prospect that his cousin's real property could be taken if the defendant were to violate any important term of pretrial release creates a powerful incentive for the defendant to behave in a law-abiding manner and to appear as directed. The defendant points out that he would also be under active supervision of New York State while on parole, and that it a condition of his parole that he seek gainful employment. The defendant's employment prospects have improved because he completed vocational training in air conditioning, heating, and refrigeration while he was most recently in New York State custody. He argues he would not commit additional crimes if released on this

combination of conditions.

After carefully considering all the circumstances, the Court finds that defendant Ellison has failed to overcome the presumption that he is a danger to the community. Specifically, electronic monitoring while on home detention or home incarceration, even with relatives posting financial security, will not eliminate the specific danger that the defendant poses to the community. *See, United States v. Ferranti*, 66 F.3d 540, 543 (2d Cir.1995) (citing *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991)). Given the extent and nature of the defendant's past disregard of the risks of being imprisoned while committing crimes even though he was under active supervision, he remains a serious risk of danger to the community, and the Court finds the risk to his cousin's $42,700 property if he were to violate the combination of conditions on pretrial release ordered by Magistrate Judge McCarthy does not mitigate the danger to the community. *Id.* The Court finds by a standard of clear and convincing evidence that the electronic monitoring, financial, and all of the other conditions upon the defendant's pretrial release imposed by Magistrate Judge McCarthy are inadequate to alleviate the danger to the community posed by the defendant[2].

**CONCLUSION**

For the reasons stated above, the motion of the United States pursuant to 18 U.S.C. § 3145(a)(1) to revoke Magistrate Judge McCarthy's oral conditional order of pretrial release of the defendant, Jermaine Ellison, on January 22, 2018, is granted.

---

[2] The Court need not, and does not, address whether the potential financial security to be posted on behalf of defendant Ellison, and the other conditions, were adequate to secure his appearances as required.

The defendant is ordered detained pursuant to 18 U.S.C. § 3142(e).

The Court further orders that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that defendant be afforded reasonable opportunity for private consultation with counsel.

Finally, the Court directs that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of his appearance in connection with any court proceeding.

**SO ORDERED.**

                                       *Richard J. Arcara*
                              HONORABLE RICHARD J. ARCARA
                              UNITED STATES DISTRICT COURT

Dated: February 22, 2018